29300. CROW *v.* SOUTHERN RAILWAY CO.

DECIDED FEBRUARY 12, 1942.

*Howard, Tiller & Howard,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

SUTTON, J. (After stating the foregoing facts.) The plain-

tiff's contract of employment by the defendant was for an indefinite period and could be terminated by either party at will. Code, § 66-101. But the plaintiff contends that, after the defendant, on October 1, 1937, entered into an agreement with its employees regulating the schedule of wages and fixing the rules and regulations for trainmen, yardmen, and switch tenders (to which last group the plaintiff belonged), it could not discharge or demerit such employees without an investigation, and that his discharge was illegal on account of a violation of this agreement by the defendant.

Conceding, but not deciding, that the plaintiff as an individual had a right to bring an action against the defendant for a violation of that agreement, still he failed to show any right to recover in the present case. The evidence shows that on January 16, 1940, the plaintiff, while intoxicated, went to the office of J. R. Crang, the superintendent of terminals for the defendant, to see Crang and discuss with him certain reports and business of the defendant company, and that Crang told the plaintiff that he was drunk and to leave the premises of the company and to report back next morning at nine o'clock, and that he would give the plaintiff an "investigation," but that the plaintiff did not come back or ask for an investigation, and that he had a bulletin posted at different places in the yards of the company, stating that a switchman had been dismissed, and wrote the plaintiff notifying him of his discharge for a violation of rule "G" of the company. Rule "G" was as follows: "The use of intoxicants by employees while on duty is prohibited. Their use is sufficient cause for dismissal." The plaintiff also stated in his written application for employment that he would "abstain from the use of intoxicants while in the service of the company." The plaintiff testified that he went back the next day and a couple of days later, but did not get to see or have a conference with Mr. Crang, and did not get the letter advising him of his discharge. But he wrote Crang a letter just five days later, on January 21, 1940, in which he admitted that he was drinking at the time above referred to and stated "I most humbly beg you to accept my apology for this, regardless of what you do with me. I had planned on leaving town tomorrow but instead I am mailing this to you so you will get it before I come out to let happen to me what might." The plaintiff, in a letter to Crang on July 5, 1940, said: "Believing you to be an absolutely fair-minded gentleman,

I have left my case entirely up to you, even I was a member of the trainmen I fully realized I had done something I shouldn't, so I have never tried to get anyone to bother you with my case and I do hope for a chance to get back on the board." Crang testified that he notified the plaintiff personally of his intoxicated condition while on the premises of the company to see him on business of the company, and that when the plaintiff in writing voluntarily admitted his intoxicated condition he discharged him. Section 32 of the agreement referred to above as having been made on October 1, 1937, by the defendant with certain of its employees provided: "No grievance will be entertained unless presented in writing to the superintendent within sixty days after its occurrence. Trainmen, yardmen, and switch tenders shall have the right to appeal, provided such appeal be made in writing within sixty days after the superintendent has rendered his decision."

The evidence demanded a finding that the plaintiff did not file with the superintendent, or anyone else, any grievance or protest as to his discharge within sixty days, as provided for in section 32 of the agreement, or at any other time. Consequently, the court did not err in directing a verdict for the defendant and in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*