55840. SANCHEZ v. HOSPITAL AUTHORITY OF WALKER, DADE & CATOOSA COUNTIES et al.

SMITH, Judge.
Doctor Sanchez, the appellant, initiated this tort suit alleging that appellees had maliciously and arbitrarily caused the hospital authority's board of trustees to terminate his right to utilize the appellee hospital's surgical facilities. The trial court granted summary judgment to appellees, and we affirm.

1. Appellees are the hospital authority, John L. Hutcheson Memorial Tri-County Hospital, the hospital's administrator, and a group of Sanchez' peers who are members of the hospital's executive committee in charge of evaluating physician performances. Sanchez' surgical privileges were terminated in accordance with the executive committee's recommendation to the hospital authority's board of trustees. Sanchez was notified of and he and his attorney participated in hearings culminating

in the executive committee's recommendation. However, after receiving proper notice of their respective determinations, he declined to appeal either the committee's recommendation or the trustees' decision via the applicable appellate procedure set out as follows by the hospital staff's by-laws:[1] "When any practitioner receives notice of a recommendation of the executive committee or a decision of the Board of Trustees that will adversely affect his appointment to or status as a member of the medical staff or his exercise of clinical privileges, he shall be entitled to a hearing and appellate review procedure . . . Within 30 days after receipt of a notice by an affected practitioner of an adverse recommendation or decision made or adhered to after a hearing . . . he may, by written notice to the Board of Trustees delivered through the hospital administrator by certified mail, return receipt requested, request an appellate review by the Board of Trustees . . . If such appellate review is not requested within 30 days, the affected practitioner shall be deemed to have waived his right to the same, and to have accepted such adverse recommendation or decision, and the same shall become effective immediately . . ." Because of Sanchez' failure to appeal administratively the adverse determinations, the trial court was correct to grant appellees' motion for summary judgment. *Crow v. Southern R. Co.,* 66 Ga. App. 608 (18 SE2d 690) (1942); *Hornsby v. Southern R. Co.,* 70 Ga. App. 467 (28 SE2d 542) (1944).

2. Because of our holding in Division 1 the remaining enumeration has been rendered moot.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED MAY 2, 1978 — DECIDED JULY 3, 1978 — REHEARING DENIED JULY 14, 1978 —

*Cook & Palmour, A. Cecil Palmour,* for appellant.

---

[1] It was not disputed that Sanchez' affiliation with the hospital was subject to the by-laws.

*Smith, Shaw, Maddox, Davidson & Graham, James D. Maddox, Shaw & Shaw, George P. Shaw,* for appellees.